925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee COOPER, Defendant-Appellant.
 No. 90-1694.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges, and WELLFORD,* Senior Circuit Judge.
 
 ORDER
 
 2
 Robert Lee Cooper, a federal prisoner, appeals the sentence imposed by the district court following his guilty pleas to various drug related charges. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 Cooper pleaded guilty, pursuant to a Fed.R.Crim.P. 11 plea agreement, to two counts of possession and distribution of controlled substances (cocaine base) in violation of 21 U.S.C. Sec. 841(a) and one count of the use of a firearm during a drug trafficking offense in violation of 18 U.S.C. Sec. 924. On June 8, 1990, Cooper was sentenced to forty-one months incarceration on the drug counts and a mandatory, sixty month, consecutive sentence on the firearm count. Cooper filed a timely appeal. He asserts that the district court erred in holding that it did not have discretion to consider the fact that Cooper would receive a sixty month consecutive sentence under 18 U.S.C. Sec. 924(c)(2) as a mitigating factor in sentencing Cooper on the drug trafficking violations.
 
 
 4
 Upon review, we affirm the district court's judgment because the sentence imposed by the district court is unreviewable on appeal. On appeal, Cooper has challenged only the district court's refusal to grant a downward departure from the guidelines. However, a district court's refusal to depart downward from the guidelines in not appealable. See United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989).
 
 
 5
 Moreover, the record, particularly the sentencing transcript, refutes Cooper's assertion that the district court held that it did not have discretion to consider the mandatory sentence for the firearm violation as a mitigating factor in sentencing on the drug trafficking violations. Rather, the record reflects that the district court considered the circumstances of the case and determined that they were insufficient to warrant a downward departure. As noted above, such a decision by the district court is unreviewable on appeal.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 Judge Wellford assumed senior status on January 21, 1991